IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAHOMA SUE PARTON,** on behalf of herself
and all others similarly situated**,**

    **Plaintiff,**

vs.                                                                No.   18-CV-409

**THE UNITED STATES OF AMERICA, THE
UNITED STATES DEPARTMENT
OF THE INTERIOR, THE
UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT, and
THE UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,**

    **Defendants.**

**COMPLAINT FOR DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT
AND FEDERAL PRIVACY ACT**

    Plaintiff Lahoma Sue Parton, individually and on behalf of a class of all those similarly situated, by and through counsel, Jason J. Lewis and Marshall J. Ray, brings this Complaint under 28 U.S.C. § 1346 for injunctive relief and for damages inflicted upon them because of the negligent and wrongful acts and omissions of federal employees while acting in the scope of their office or employment, and under and 5 U.S.C. 552a for willful and ongoing failure to comply with the statutory duties to protect Plaintiff's private information. Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

    1.  Jurisdiction and venue are proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1346(b) and 5 U.S.C. 552a(g). Named Plaintiff is a resident of New Mexico. Of the 6,252 members of the proposed class, approximately 1,451 of those

1

affected by the breach at issue in this lawsuit are residents of the State of New Mexico. The acts and omissions complained of herein were nationwide in scope, and they affected all class members throughout the United States during the relevant time period.

2.  Plaintiff and persons similarly situated (the "Class Members") submitted their claims to the United States for administrative adjustment. The United States either denied or failed to respond and has generally acted in bad faith in responding to the tort claim notice. Plaintiffs have therefore exhausted their administrative remedies.

**PARTIES**

3.  Plaintiff and all similarly situated persons were federal employees on or about April through June 2015. These individuals worked for the United States Department of the Interior ("DOI"), and their personnel records and personally identifying information and other personal confidential data were maintained by the United States Office of Personnel Management ("OPM") and by DOI and were breached because of the acts and omissions of OPM and the Department of Homeland Security ("DHS").

4.  Plaintiff Parton is and at all relevant times has been an employee of the Bureau of Indian Education and is the President of the Federal Indian Service Employees Union ("FISE"). Furthermore, all other Class Members are or were employed at the Bureau of Indian Affairs, Bureau of Indian Education, or the Office of the Secretary/Office of the Special Trustee for American Indians and are represented by FISE, which is their exclusive bargaining agent in matters related to their employment.

5.  The OPM, DHS and DOI are agencies of the United States and are subject to liability and suit for damages, costs, and attorney's fees under 5 U.S.C. § 552a.

6. The United States, OPM, DHS, and DOI are subject to suit for damages under 28 U.S.C. § 1346 and 5 U.S.C. § 552a.

7. At all times material to this Complaint, various unidentified employees or agents of the Defendants, while acting within the scope of their employment or office, committed and continue to commit a series of acts and omissions which are willful, negligent, and wrongful, and which injured Plaintiff and the Class Members.

## GENERAL ALLEGATIONS

8. This lawsuit arises out of the historic data breach that the OPM, DOI, and DHS jointly permitted to occur in or around the Spring of 2015. Upon information and belief, the named agencies do not know exactly when the breach occurred.

9. Although OPM has not revealed or does not know the exact dates, it was ultimately revealed that the OPM suffered at least two major breaches that resulted in the unauthorized access and theft of private personnel records of millions of federal government employees, including the records of Plaintiff and the Class Members.

10. The House Committee on Oversight and Government Reform issued a report, titled, "The OPM Data Breach: How the Government Jeopardized Our National Security for More Than a Generation."[1]

11. In its report, the Committee points out: "Despite this high value information maintained by OPM, the agency failed to prioritize cybersecurity and adequately secure high value data."

12. The report continues: "The lax state of OPM's information security left the agency's information systems exposed for any experienced hacker to infiltrate and compromise." *Id*.

---

[1] https://oversight.house.gov/wp-content/uploads/2016/09/The-OPM-Data-Breach-How-the-Government-Jeopardized-Our-National-Security-for-More-than-a-Generation.pdf (last retrieved April 23, 2018).

3

13. Disturbingly, the report notes that the breach could have been prevented or significantly mitigated. Moreover, according to the report, the DHS and OPM were aware that a hacking incident was underway since approximately March 20, 2014. DHS and OPM monitored this hacking incident and formulated a plan to stop it.

14. Nevertheless, as the Committee concluded: the agencies' response was ineffective and failed to take steps which were known to be available, and which would have prevented the ultimate exfiltration of data that eventually occurred.

15. The information compromised included employees' name, social security number, date of birth, and other highly sensitive personal data including financial information, background checks, and personal identifying information of relatives.

16. Defendants knew for years that they had archaic, inadequate systems in place to protect the highly valuable and sensitive personal data of Federal Employees. Nevertheless, they took no steps to correct the glaring problems

17. As a result of Defendants' gross negligence and willful acts and omissions, Plaintiff's and the Class Members' personal data was allowed to fall into the hands of unknown parties.

## CLASS ALLEGATIONS

18. Plaintiff Parton brings this lawsuit pursuant to Fed. R. Civ. P. 23(a) and (b)(2)-(3) on behalf of herself and the following class of similarly situated persons:

**All persons belonging to the FISE bargaining unit who were employed at the Bureau of Indian Affairs, Bureau of Indian Education, the Office of the Assistant Secretary-Indian Affairs, and the Office of the Special Trustee in June 2015 when the data breach was announced.**

19.     The number of individuals in the class, excluding the named Plaintiff, is 6,251. The Class Members are or were employed at duty stations throughout the United States, such that the joinder of individual claims is impractical.

20.     The identity of each class member is known through FISE records of bargaining unit employees for the covered agencies. Each individual claimant was identified to Defendants during the administrative process preceding this lawsuit.

21.     Named Plaintiff's claims are typical of the Class Members because named Plaintiff and the Class Members suffered the same harm resulting from the same data breach or series of data breaches in Spring 2015 and are asserting the same legal theories.

22.     Furthermore, the Named Plaintiff and the Class members share a community of interest. Defendants acted or failed to act in the same manner towards Plaintiff and all Class Members, necessitating uniform relief to insure compatible standards of conduct towards the Class Members.

23.     All questions of law are common between the Named Plaintiff and the Class Members, and those questions predominate over any individual questions that might affect individual class members.

24.     The common questions of law and fact among the Named Plaintiff and the Class Members include: whether the Defendants and their employees and agents' acts and omissions with respect the Class Members personal data constituted actionable negligence under the Tort Claims Act; whether acts and omissions leading to the data breach and subsequent actions by Defendants constitute willful violations of the Privacy Act with respect to the Class Members; and whether the Defendants are liable to the Class Members for damages, costs, and attorney's fees.

25. Given the uniform amount the Named Plaintiff and the Class Members are claiming in damages ($10, 369.67 per person), it is more efficient to address the claims in one class action lawsuit, with all common questions of law and fact being adjudicated in one proceeding. A class action is superior to multiple individual actions because it conserves the resources of the judiciary and of the parties and promotes efficient and consistent adjudication.

26. Defendants recognized the advantages of adjudicating the data breach claims as a class and originally instructed Class counsel to submit the Tort Claim Notice of all Class Members under a single cover with a list of all claimants. Class counsel complied with Defendants' instructions.

27. The Named Plaintiff will fairly and adequately represent the interests of the Class Members. The Counsel representing the Class Members have extensive experience conducting complex litigation, including class actions. Furthermore, Counsel have represented employee interests, including years of work representing federal bargaining unit employees. The Class Members' counsel are committed to vigorously litigating the issues of this case and have the resources to do so. The Named Plaintiff and Counsel do not have any conflicts or interests that are or may be adverse to the interests of the Class Members. Moreover, the Named Plaintiff is the President of the FISE, which is the Class Members' exclusive agent with reference to employment matters and has a duty to work for the benefit of the Class Members—all of whom where members of the FISE bargaining unit during the time periods relevant to this Complaint.

### COUNT I. TORT CLAIMS AGAINST DEFENDANTS

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. Defendants, through their employees and agents, engaged in acts and omissions over a number of years that culminated in the historic data breach and loss of Plaintiff's and the Class Members' private data.

30. Defendants had a well-defined duty to keep in place controls and security measures to protect the confidential, personal information with which it was entrusted.

31. Defendants were, at a minimum, grossly negligent and breached their duty to Plaintiff and to the Class Members.

32. Defendants' acts and omissions caused Plaintiff's and the Class Members' data to be compromised.

33. Plaintiff and the Class Members suffered damages as a result of Defendants' negligent loss of their personal information.

34. Plaintiff and the Class Members exhausted their administrative remedies and followed the instructions of Defendants in submitting their Tort Claim Notice.

35. At all stages of this litigation, Class Counsel has had the authority to represent the class, because Class Counsel was authorized by FISE, which is the exclusive bargaining agent for Plaintiff and the Class Members with respect to all matters related to their employment. Named Plaintiff is the President of FISE.

36. Defendants have refused compensate Plaintiff and the Class Members for the unprecedented violation of their privacy which Defendant permitted.

WHEREFORE, Plaintiff seeks judgment against Defendants the United States, the OPM, the DOI, and the DHS for compensatory damages in the amount of $10,396.67 on behalf of herself, and $10,396.67 dollars on behalf of each Class Member. This is the amount Plaintiff and the Class Members requested during the tort claim administrative proceedings.

## COUNT II. CLAIM FOR DAMAGES, COSTS, AND ATTORNEY'S FEES FOR VIOLATIONS OF THE PRIVACY ACT AGAINST DEFENDANTS

37. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

38. Defendants acted willfully in refusing to correct known weaknesses in their system for storing employees' personal and confidential information.

39. Defendants violated the Privacy Act by failing to secure Plaintiff's and the Class Members' personal and confidential information, and in refusing and failing to correct known security flaws.

40. Defendants have for years refused to provide substantive responses to Freedom of Information Act ("FOIA") requests submitted by FISE on behalf of Plaintiff and Class Members seeking specific information about the data breach so that Plaintiffs could ascertain material facts about the breach and about whether ongoing failures to secure their data have ensued.

41. Defendants have acted in bad faith in responding to inquiries regarding the privacy breach and in responding to Plaintiff's and the Class Members' attempts to seek relief for the injuries Plaintiff and the Class Members sustained.

WHEREFORE, Plaintiff requests compensatory damages and an award of attorney's fees and costs on behalf of herself and the Class Members.

## COUNT 3. CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS

42. The Privacy Act and other governing laws permit the Court to award damages, injunctive relief, attorney's fees, and costs to a prevailing plaintiff.

43. Plaintiff and the Class Members have been and continue to be irreparably harmed by the data breach, the ongoing failure of the Defendants to implement measures to prevent breaches of this nature in the future, and Defendants' refusal to respond to document requests so that Plaintiff

and Class Members may know when their data was breached, to what extent, and whether it continues to be compromised.

44. Plaintiff and the Class Members do not have an adequate remedy at law and therefore require injunctive relief in their favor.

45. It is in the public interest to grant injunctive relief against Defendants and in favor of Plaintiff and the Class Members, ordering the Defendants to fully disclose the circumstances of the breach of the Plaintiff and Class Members' private data, to implement immediate measures to prevent future breaches and to secure Plaintiff's and Class Member's private information, to provide ongoing credit and fraud monitoring, and to provide all documents related to the data breach that pertain to Plaintiff and Class Members.

WHEREFORE, Plaintiff requests that the Court enter an order awarding Plaintiff and the Class Members injunctive relieve, attorney's fees, and costs.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all counts for which a jury is permitted.

Respectfully Submitted,

LAW OFFICE OF JASON J. LEWIS, LLC

/s/ *Jason J. Lewis*
Jason J. Lewis
201 12th St. NW
Albuquerque, NM 87102
(505) 244-0950
(505) 214-5108 (f)

LAW OFFICES OF MARSHALL J. RAY, LLC

/s/ *Marshall J. Ray*
Marshall J. Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

(505) 214-5977 (f)

Case 1:18-cv-01416-ABJ Document 1 Filed 05/01/18 Page 10 of 10

10